UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------- x
MICHAEL LUPO,

                         Plaintiff,                  **Civil Action No.:**

- against -

                                              **NOTICE OF REMOVAL**

AMF BOWLING CENTERS, INC.,

                        Defendant.
------------------------------------------------- x

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

Defendant-Petitioner AMF Bowling Centers, Inc. ("Defendant-Petitioner") by and through its counsel of record, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and the United States District Court for the Western District of New York Local Rule of Civil Procedure 81, and respectfully includes the following statements:

1. On or about April 30, 2018, the Plaintiff Michael Lupo ("Plaintiff"), filed a Summons and Complaint in the Supreme Court of the State of New York, County of Monroe styled as Michael Lupo v. AMF Bowling Centers, Inc. bearing Index Number E2018003013 ("State Action").

2. As asserted in the Complaint, Plaintiff seeks damages arising out of alleged personal injuries sustained in a slip and fall accident purportedly occurring on a certain premises owned and/or operated by the Defendant-Petitioner. The Plaintiff's *ad damnum* demands a judgment awarding damages in the amount of four-hundred thousand dollars ($400,000.00). Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of seventy-five thousand dollars ($75,000.00).

7358408v.1

3. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332. The citizenship of the parties is as follows:

   a. Plaintiff is now, and was at the time said action was commenced, a resident and domiciliary of the State of New York residing, upon information and belief, at 106 Cranbrook Ter. Webster, New York in Monroe County, New York;

   b. Defendant-Petitioner was and continues to be a corporation organized and existing under the laws of the State of Virginia, having its principal place of business in Virginia 7313 Bell Creek Road Mechanicsville, Virginia. Accordingly, Defendant-Petitioner is a citizen of the State of Virginia. See 28 U.S.C. § 1332(c)(1)

4. The State Action was commenced against Defendant-Petitioner on or about April 30, 2018 with service perfected on Defendant-Petitioner on or about June 1, 2018.

5. On or about July 24, 2018, Defendant-Petitioner served a verified Answer and Affirmative Defenses, along with a Notice of Deposition and Demand for *Ad Damnum*.[1] The Plaintiff failed and/or refused to timely file a response to the Demand for *Ad Damnum*. As such, on October 5, 2018 Defendant-Petitioner served a Notice of Motion to Compel Plaintiff's response to Defendant-Petitioner's Demand for *Ad Damnum*. On the eve of Defendant-Petitioner's hearing concerning its Motion to Compel, Plaintiff's counsel responded to Defendant-Petitioner's Demand for *Ad Damnum* by way of correspondence dated November 28, 2018, annexed hereto as **Exhibit A**, demanding an amount which exceeds the jurisdictional limits of all lower Courts, including the minimum amount for bringing an action in the United States District Court.

---

[1] Plaintiff's counsel agreed to a stipulation extending Defendant-Petitioner's time to file responsive pleadings in the State Court proceeding.

7358408v.1

6. This Notice of Removal to the United States District Court for the Western District of New York, dated December 7, 2018, is timely filed pursuant to 28 U.S.C. § 1446(b)(3) on the grounds and to the extent that Defendant-Petitioner filed its Notice of Removal within 30-days of receipt of Plaintiff's November 28, 2018 correspondence asserting an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).

7. Said action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship between the Plaintiff and Defendant-Petitioner.

8. Written filing of this Motion will be given to the Plaintiff promptly after the filing of this Motion, as required by law.

9. A true and correct copy of this Motion will be filed with the Clerk of the Supreme Court of the State of New York, Monroe County promptly after the filing of this Motion, as required by law.

10. Attached to this Motion, and by reference made a part hereof, is an index identifying each document filed and/or served in the State Action, annexed hereto as **Exhibit B**, along with true and correct copies of all documents filed and/or served in the State Action as required by United States District Court for the Western District of New York Local Rule of Civil Procedure 81, annexed hereto as **Exhibit C**.

11. By filing this Notice of Removal, Defendant-Petitioner does not waive any defense which may be available to them, specifically including, but not limited to, their right to contest in personam jurisdiction over the Defendant-Petitioner, improper service of process upon the petitioner, and the absence of venue in this Court or in the court from which the action has been removed.

WHEREFORE, Defendant-Petitioners pray that this action proceed in this Court as an action properly removed thereto.

Dated: White Plains, New York
       December 7, 2018

                              Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
     Christina A. Marshall
     Attorneys for Defendants
     AMF BOWLING CENTERS, INC.
     1133 Westchester Avenue
     White Plains, New York 10604
     (914) 323-7000
     File No. 11033.00156


TO:    THOMAS J. RZEPKA, PLLC
        28 E. Main Street, Suite 900
        Rochester, New York 14614

7358408v.1